**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ERIC C. LLOYD,                     :
                                   :  Civil Action No. 11-1419 (JBS)
            Petitioner,            :
                                   :
        v.                         :    **O P I N I O N**
                                   :
J.T. SHARTLE,                      :
                                   :
            Respondent.            :
_____:


**APPEARANCES:**

Petitioner pro se                  Counsel for Respondent
Eric C. Lloyd                      Irene E. Dowdy
#04620-015                         Asst. U.S. Attorney
F.C.I. Fairton                     401 Market Street
P.O. Box 420                       P.O. Box 2098
Fairton, NJ 08320                  Camden, NJ 08101

**SIMANDLE**, Chief Judge

　　Petitioner Eric C. Lloyd, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The sole respondent is Warden J.T. Shartle. Respondent filed an Answer to the Petition on August 22, 2011. Petitioner filed a Reply on September 14, 2011.  The Court has reviewed all submissions.  For the following reasons, the Petition will be denied.

## BACKGROUND

Petitioner is serving a 168-month term of imprisonment for a conviction of federal drug charges in the United States District Court, District of Delaware. His projected release date is March 9, 2016.

Petitioner challenges a disciplinary proceeding that occurred at FCI Fort Dix, where he was previously housed. An Incident Report, dated April 27, 2010, alleged that an email and Facebook account were created by Petitioner while housed in the prison. Petitioner was accused of using a contraband cell phone to communicate and maintain an unauthorized internet email account, and to circumvent the prison telephone system. He was charged with Code 108, Possession of a hazardous tool (cell phone); Code 297, Use of the telephone for non-criminal activity; and Code 327, Unauthorized contact with the public.

Petitioner was advised of his rights, and stated: "The Incident Report is not true." The matter was referred to the Unit Disciplinary Committee ("UDC").

An initial hearing was conducted on April 29, 2010. Petitioner made no statements. The UDC referred the matter to a Discipline Hearing Officer ("DHO"). Petitioner was given written notice of the DHO hearing, and a written statement of his rights at the hearing. Petitioner signed forms indicating that he did not wish to have a staff representative or witness.

On May 19, 2010, the DHO convened a hearing with Petitioner present. Petitioner denied the charges, stating: "They gave me a 108. I don't see how. My family set up the Facebook account. I didn't have a cell phone." Petitioner stated that his sister set up the account and he would call her from the institution phone, and tell her what to write. Petitioner further stated that he kept his password in his locker in case he couldn't get a hold of his sister. He would tell the password to somebody else to post for him.

There was circumstantial evidence that Petitioner had his own cell phone. Specifically, the DHO saw statements that Petitioner had posted on his Facebook account, including, inter alia: (1) "I GOT A NEW PHONE AND I'M HAVING PROBLEMS GETTING IT TURNED ON. LONG STORY! I SHOULD BE BACK ON TOMORROW SO IF U DIDN'T HEAR FROM TODAY THAT'S THE REASON." (Resp't Answer, Ex. 6, DHO Report, at 16.) (2) "This is my new number 856-275-1576." (Id. at 18.) (3) "I just burned my phone out so I got a major headache, right now. Literally!" (Id. at 10.) And (4) "I called u twice from the prison phone but u didn't answer ur phone. I'll try to hit u tomorrow, ok? Do not say anything about a cell phone." (Id. at 22.)

After considering the evidence, the DHO found that Petitioner had committed the acts as charged. He imposed disciplinary sanctions, including disciplinary segregation, loss

of good conduct time ("GCT"), loss of visiting privileges and loss of commissary privileges.  The DHO explained his reasoning, and signed the DHO Report on June 18, 2010.  Petitioner was advised of his right to appeal.

Petitioner appealed through the BOP administrative remedy process, and his appeals were denied.  He then filed this petition on March 14, 2011.

## DISCUSSION

### A.   Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.     The Petition Must Be Denied.**

Petitioner argues that he should not have been charged with Code 108, but at most, should have been charged with a code 305 (possession of anything not authorized).  He argues that a cell phone can "never be a hazardous tool," and alleges that his Due Process and Equal Protection rights have been violated.  (Petition, Docket Entry 1).  Petitioner notes that two other inmates have had their charges downgraded and their GCT restored.  He also alleges that since the cell phone was not recovered, he couldn't be charged with possession of a hazardous tool.

1.     Due Process

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed....  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself

5

or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).  Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[1] the prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the

---

[1] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison.  Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct.  See 18 U.S.C. § 3624(b).

reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-66.  Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings.  See id. at 569-70.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985).[2]

Here, Petitioner has not alleged any facts that would indicate that the disciplinary hearings and resulting sanctions were contrary in any way to the requirements set forth by the Wolff standard.[3]  With respect to Petitioner's challenges to the sufficiency of the evidence, it is clear that the findings of the Disciplinary Hearing Officer are supported by "some evidence,"

---

[2] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10, et seq. See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

[3] Petitioner asserts that the Incident Report is blank in the "place of incident" box.  He argues that this deprived him of a meaningful defense that the areas charged were in unauthorized location. (Pet., p. 4).  However, Petitioner did not raise this claim through the administrative process.  Also, the Incident Report notes that the statements and photos used in evidence were made at "various" locations on multiple dates.  This Court finds that this argument is not sufficient to sustain an allegation of a due process violation.

including the Incident Report, the written statement of the reporting employee, the material found in Petitioner's locker, and the printouts of statements from the Petitioner's Facebook account.[4]  This Court agrees that there was sufficient evidence to find Petitioner guilty of the infractions.  As such, Petitioner was not deprived of due process in connection with the challenged disciplinary proceeding and thus his petition is subject to dismissal.

    2.    <u>Equal Protection</u>

Petitioner asserts that the BOP violated his right to equal protection because it reduced the 108 code violation to a 305 code violation for inmates Hudson and Neagle, who previously filed § 2241 petitions.  On January 15, 2010, Duane Hudson filed a § 2241 petition challenging the loss of good conduct time for possession of a cell phone at FCI Fort Dix, in violation of code 108.  <u>See</u> <u>Hudson v. Zickefoose</u>, No. 10-251 (RBK), 2010 WL 4746220 (D.N.J. Nov. 15, 2010).  This District Court found that the petition was rendered moot since the BOP had re-sanctioned Hudson for committing a code 305 violation, but determined that, "even if the Petition has not been rendered moot ..., Petitioner's

---

    [4]  According to the record, Petitioner posted his new phone number and comments about his problems having it turned on, as well as comments about calling from the prison phone, comments about the air conditioning at the facility, as well as other posts that derived from Petitioner's account, evidencing his guilt.  (Answer, p. 16).

8

challenges would be subject to dismissal." Id. at *1 (citing Pittman v. Zickefoose, Civil No. 10-5057 (RMB) (D.N.J. Oct. 20, 2010)).

Similarly, Christopher Neagle filed a § 2241 petition challenging the loss of 41 days of good conduct time for possession of a cell phone in violation of code 108. See Neagle v. Grondolsky, 2010 WL 2546021 (D.N.J. June 18, 2010). "Petitioner allege[d] that he was deprived of liberty without due process of law because he has lost good conduct days as a result of the sanctions imposed by being charged with a Code 108 infraction for the possession of a cell phone which carries stronger legal consequences than a Code 305 violation." Id. at *3. Although the BOP's answer indicated that it had reduced the infraction to a Code 305 violation, Judge Hillman dismissed the petition on the merits, finding that the BOP did not violate Petitioner's due process rights.

The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A petitioner who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination that had a discriminatory effect on him. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Whitus v. Georgia, 385 U.S. 545, 550 (1967). "Thus, to prevail under the Equal Protection Clause, [Petitioner]

9

must prove that the decisionmakers in his case acted with discriminatory purpose." McCleskey, 481 U.S. at 292.

In this case, other than alleging that the BOP reduced the severity of the disciplinary charge for cell phone possession in two other cases, Petitioner has alleged no facts to indicate that his disciplinary sanction was the result of purposeful discrimination. Accordingly, his equal protection claim fails. See Millard v. Hufford, 415 F. App'x. 348, 349-50 (3d Cir. Feb. 28, 2011) ("Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination .... Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus must be dismissed. An appropriate Order accompanies this Opinion.

      s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated: **September 21, 2012**